IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIAM E. BAKER, JR., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 2:07cv622-TFM |
| | )                 (WO) |
| DARLENE DREW, | ) |
| | ) |
|     Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

**I.   INTRODUCTION**

William E. Baker, Jr. ("Baker") has initiated a cause of action construed by this court as an action pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). (*Plaintiff's Complaint* - Doc. No. 1.) Baker, a federal inmate at the time of filing, challenges the constitutionality of the dental care treatment provided to him during his incarceration at the Maxwell Federal Prison Camp in Montgomery, Alabama ("FPC Montgomery"). He names Darlene Drew, warden of FPC Montgomery at the time relevant to Baker's claims, as the sole defendant. Baker alleges that Drew ("Defendant") was deliberately indifferent to his medical needs because she failed to assist him in obtaining timely dental treatment for severe tooth pain. He seeks monetary damages and injunctive relief for the alleged violation of his constitutional rights.

Defendant filed an answer, a written report, and supporting evidentiary materials

addressing Baker's claims. (*Defendant's Written Report* - Doc. No. 13.) Defendant asserts that Baker failed to properly exhaust his available administrative remedies and that, consequently, his complaint should be dismissed.[1] This court provided Baker an opportunity to file a response to the arguments presented by Defendant and Baker has done so. (*See Court Order* - Doc. No. 14; *Plaintiff's Response* - Doc. No. 23.)

For reasons set forth below, and in accordance with orders entered in this case and governing case law, this court deems it appropriate to treat Defendant's written report as a motion for summary judgment. *See Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008) (although an exhaustion defense "is not ordinarily the proper subject for a summary judgment [motion,] the defense is appropriate for summary judgment when the evidence demonstrates that administrative remedies "are absolutely time barred or otherwise infeasible"). Thus, this case is pending on Defendant's motion for summary judgment. Upon consideration of this motion, the evidentiary materials filed in support thereof, and Baker's response to the motion, the court concludes that Defendant's motion for summary judgment should be granted.

## II.   STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a

---

[1] Alternatively, Defendant asserts she is entitled to summary judgment because she was not involved with the dental care treatment decisions about which Baker complains.

matter of law.'"  *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (citations omitted); Fed.R.Civ.P. 56(c) (summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law").[2]  The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof.  *Id.* at 322-24.

When the movant meets the evidentiary burden of demonstrating the absence of any genuine issue of material fact, the burden then shifts to the nonmoving party to establish, with appropriate evidence beyond the pleadings, that a genuine issue material to his case exists.  *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(2) ("When a motion for summary judgment is properly made and

---

[2]Effective December 1, 2007, "[t]he language of Rule 56 [was] amended ... to make the rule[] more easily understood and to make style and terminology consistent throughout the rules.  These changes ... are stylistic only."  Fed.R.Civ.P. 56 Advisory Committee Notes.  Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior rule remain equally applicable to the current rule.

supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must ... set out specific facts showing a genuine issue for trial."). A genuine issue of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263. "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004). To demonstrate a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine

issue of material fact. *Beard*, 548 U.S. at 525; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). A party's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case

### III.  DISCUSSION

As noted above, Baker challenges the constitutionality of the dental care treatment provided to him at FPC Montgomery. Defendant answers that this case should be dismissed because Baker failed to properly exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).[3]

Under the PLRA, a federal prisoner cannot bring a *Bivens* action until he has exhausted his available administrative remedies. 42 U.S.C. § 1997e(a); *Alexander v. Hawk*, 159 F.3d 1321, 1323-24 (11th Cir. 1998) (applying the PLRA's exhaustion requirement to *Bivens* claims). *See Porter v. Nussle*, 534 U.S. 516, 524 (2002) ([F]ederal prisoners suing under *Bivens* ... must first exhaust inmate grievance procedures just as state prisoners must exhaust administrative processes prior to instituting a [42 U.S.C.] § 1983 suit."). "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief

---

[3]Section 1997e(a) of the PLRA mandates that "no action shall be brought" by a prisoner under any federal law until the prisoner has exhausted all "administrative remedies as are available," as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, *or any other Federal law*, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a) (emphasis added).

sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532. Exhaustion of all available administrative remedies is a precondition to prisoner litigation, and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander*, 159 F.3d at 1325.

Moreover, "the PLRA exhaustion requirement requires *proper exhaustion*." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings.... Construing § 1997e(a) to require proper exhaustion ... fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." 548 U.S. at 90-91, 93. Because proper exhaustion of administrative remedies is necessary, an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement ... by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to him. 548 U.S. at 83-84; *see Johnson v. Meadows*, 418

F.3d 1152, 1157 (11th Cir. 2005).

The Federal Bureau of Prisons ("BOP") has established regulations setting forth the procedures a prisoner must follow before seeking relief from a district court. *Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992); *see* 28 C.F.R. § 542.10 *et seq*. According to these regulations, which provide a three-tiered review process, an inmate seeking redress must first file a grievance with the warden of the facility where he is housed, describing his complaint as well as his requested remedy; the warden then has 20 days to respond. 28 C.F.R. §§ 542.11(4) and 542.15. (*See Supplement to Defendant's Written Report*: *Declaration of Terry A. Collins* - Doc. No. 16, Attach. 4 at 1.) If the inmate is dissatisfied with the warden's response, he has 20 days to file an appeal with the Regional Director of the region in which he is housed. 28 C.F.R. § 542.15(a). (*See* Doc. No. 16, Attach. 4 at 1-2.) Finally, if the inmate is not satisfied with the Regional Director's response, he has 30 days to file an appeal with the General Counsel for the BOP. 28 C.F.R. § 542.15(a). (*See* Doc. No. 16, Attach. 4 at 2.) A decision by the BOP is not final until relief has been denied at the national level. (Doc. No. 16, Attach. 4 at 3.)

The evidence before this court reveals that Baker initiated the administrative review process in his case on September 13, 2006, when he filed a grievance concerning his dental treatment with FPC Montgomery's warden (Defendant in this case). (Doc. No. 16, Attach. 4 at 3; *see also* Doc. No. 16, Attach. 4- Exh. A.) On October 2, 2006, the warden submitted a written response to Baker denying his request for immediate dental procedures and

7

advising him to report to sick bay if was experiencing pain in his teeth. (*Id*.) Baker was also advised that he had 20 days to appeal the warden's decision to the Regional Director. (*Id*.) On October 25, 2006, the Regional Director received Baker's appeal of the warden's decision. (*Id*.) However, Baker's appeal was rejected as untimely filed beyond the 20-day limit. (*Id*.) Baker was also advised to provide staff verification that the late filing was not his fault. (*Id*.) He failed to provide such verification, but instead filed two more appeals with the Regional Director, both of which, like his original appeal, were rejected as untimely.[4] (*Id*.) Thus, Defendant now contends that Baker failed to exhaust his administrative remedies.

As the evidentiary materials submitted by Defendant show that Baker did not exhaust his available administrative remedies, Baker is required to produce "sufficient [favorable] evidence" establishing proper exhaustion. *See Anderson*, 477 U.S. at 249-50; Fed.R.Civ.P. 56(e)(1). Baker avers that he placed his appeal from the warden's decision to the Regional Director in the mailbox at FPC Montgomery on October 18, 2006, four days before its due date of October 22, 2006, and that, accordingly, his appeal to the Regional Director was timely under the "prison mailbox rule." (*Plaintiff's Response* - Doc. No. 23 at 3-5; Doc. No. 23- Exh. 5.) The prison mailbox rule considers appeals filed by a prisoner filed as of the date the notice of appeal is delivered to "prison authorities for forwarding" to the court. *Houston v. Lack*, 487 U.S. 266, 270 (1988). However, Baker's attempt to invoke the prison

---

[4] There is no evidence before the court that Baker filed an appeal with the General Counsel for the BOP.

mailbox rule is unavailing.

Here, the Regional Director received Baker's appeal of the warden's decision on October 25, 2006, two days after the 20-day period for appealing had expired. Pursuant to 28 C.F.R. § 542.18, "a Request or Appeal is considered filed on the date it is logged into the Administrative Remedy Index as received [for a response on the merits]." 28 C.F.R. § 542.18. The BOP defines "filed" within its regulations in an unambiguous manner hence, the prison mailbox rule Baker seeks to invoke is inapplicable. *See Longenette v. Krusing*, 322 F.3d 758, 764-65 (3rd Cir. 2003) (noting that, when "filed" is not clearly defined, a mailing is considered filed when an individual places the document in the mail; however, when "filed" is clearly defined, a document is not considered filed until it satisfies the given definition); *Williams v. Burgos*, 2007 WL 2331974, Civil Action No. CV206-104 (S.D. Ga. Aug. 13, 2007) (unpublished; citing *Longenette*). Furthermore, the prison mailbox rule does not apply outside the context of court filings. *See Garvey v. Vaughn*, 993 F.2d 776, 782 n.15 (11th Cir. 1993). Since Baker's appeal was not to a federal court, but rather to an administrative body, he is not entitled to the benefit of the prisoner mailbox rule. Finally, courts have adopted a general rule that administrative decisions should not be "toppled over" by the courts "unless the administrative body not only has erred, but has erred against objection made at the time appropriate under its practice." *Woodford*, *supra*, 548 U.S. at 90 (quoting *United States v. L.A. Tucker Truck Lines*, 344 U.S. 33, 37 (1952)). The evidence before the court indicates that when Baker's appeal to the Regional Director was rejected

9

as untimely, he was advised at that time to provide staff verification that the late filing was not his fault. See 28 C.F.R. §§ 542.14(b) and 542.15(a). Rather than submitting any such verification, Baker chose to file two more appeals, also rejected as untimely. Thus, Baker made no attempt to comply with the requirements of the administrative process that was in place.

In sum, even accepting as true Baker's assertion that he placed his appeal to the Regional Director in the mailbox at FPC Montgomery on October 18, 2006, the materials before this court reflect that Baker did not *properly* exhaust his administrative remedies concerning his claims of inadequate dental care. Baker has thus failed to create a genuine issue of material fact that he exhausted his administrative remedies within the requirements set forth by the BOP. Consequently, he has not overcome the burden applicable to motions for summary judgment, and Defendant's motion for summary judgment is due to be granted. *Matsushita*, *supra*.

### IV.  CONCLUSION

Accordingly, it is ORDERED as follows:

1. Defendant's motion for summary judgment is GRANTED.

2. Baker's complaint is DISMISSED with prejudice due to Baker's failure to properly exhaust his available administrative remedies.

A final judgment shall be entered in favor of Defendant.

Done this 19th day of August, 2009.

/s/  Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE